**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                Plaintiff,<br><br>v.<br><br>**KENNETH A. HOFFMAN,**<br>**(DOB: 1969)**<br>                Defendant. | No. 14-3106-20-CR-S-MDH |

**MOTION OF THE UNITED STATES FOR
PRETRIAL DETENTION PURSUANT TO 18 U.S.C. § 3142(f)(2)**

Comes now the United States of America, by Tammy Dickinson, United States Attorney, and the undersigned Assistant United States Attorney, both for the Western District of Missouri, and hereby moves the Court to detain defendant without bail pending trial of this matter and to hold a hearing pursuant to 18 U.S.C. § 3142(f)(2) for the purpose of demonstrating that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that the defendant poses a risk to fail to appear in court as well as a danger to other persons in the community.

**SUPPORTING SUGGESTIONS**

The defendant is charged by Indictment with violation of 21 U.S.C. §§ 846 & 841(a)(1)(b)(1)(A), which is conspiracy to distribute in excess of 500 grams of a mixture or substance containing a detectable amount of methamphetamine. Hoffman is also charged with eight additional counts of either possession of methamphetamine with intent to distribute or distribution of methamphetamine. Title 18, United States Code, Section 3142(f)(2) provides that a hearing must be

held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the safety of any other person in the community if the attorney for the government moves for such a hearing. This provision further states that at such a hearing the rules concerning the admissibility of evidence do not apply and the Court must be persuaded with facts of a clear and convincing nature that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ."

A defendant cannot be detained as either unlikely to appear or dangerous under § 3142(e) unless a finding is made that no release conditions "*will* reasonably assure" the appearance of the person or the safety of the community. (Emphasis added). "The ultimate determination that the magistrate and then, if requested, the district judge is required to make-whether it is reasonably certain that the defendant will show up for trial if admitted to bail (and whether, even if so, he can be left at large without endangering the safety of any other person, *see* 18 U.S.C. §§ 3142(e)-(g); *United States v. Daniels,* 772 F.2d 382 (7th Cir.1985)) is inherently judgmental. It depends both on personal observation of the defendant and on a weighing of the daunting list of factors in section 3142(g)." *United States v. Diaz*, 777 F.2d 1236, 1237-38 (7th Cir. 1985). There is also a rebuttable presumption that the Court cannot fashion conditions to ensure the defendant's appearance or the safety of the community in cases when a defendant is charged with a Controlled Substances Act crime for which the maximum sentence is 10 years or more. 18 U.S.C. § 3142(e)(2)(A); 18 U.S.C. § 3142(f)(1)(C). The defendant is charged with at least one crime in which the statutory maximum sentence is ten years or more, giving concern, as well as a rebuttable presumption that the defendant will fail to appear to court as directed.

2

Concerning a finding of future dangerousness to the community, such a finding can be based on evidence that the defendant has been a danger in the past, if his past conduct suggests the likelihood of future misconduct. *United States v. Dominguez*, 783 F.2d 702, 707-08 (7th Cir. 1986). Danger to the community does not only refer to physical violence, but can apply to any likely conduct that will hurt the community, including the potential of continued criminal activity. *United States v. Tortora,* 922 F.2d 880 (1st Cir.1990).

Title 18, United States Code, Section 3142(g) lists the factors this Court should consider in determining whether the Court can fashion conditions that will reasonably assure the safety of the community. These factors include: (1) the nature and the circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and the characteristics of the defendant, including his criminal history, and; (4) the nature and the seriousness of the danger to the community that would be posed by the defendant's release. 18, U.S.C. § 3142(g)*; Tortora,* 922 F.2d at 885-86. The Court need not guarantee that community safety will not suffer by the release of the defendant, only that the safety of the community can be reasonably assured through court supervision while on release. *United States v. Orta*, 760 F.2d 887, 891-92 (8th Cir.1985).

There is a serious risk that the defendant is a future danger to the community, when considering the nature and circumstances of the charged offenses. The defendant is a multiple pound dealer of methamphetamine, and has consistently sold or possessed methamphetamine for sale since at least 2013.

Additionally, the weight of the evidence against the defendant in strong and consists of observations and seizures by law enforcement that indicated that the defendant was part of a criminal

3

enterprise to distribute methamphetamine.

The defendant also has an extensive criminal history, including the following felony convictions:

> 1. Felony Possession of Controlled Substance, Vernon County, Missouri, Case Number 28R07980009101, Date of Conviction 1-7-99, sentence 5 years;
>
> 2. Felony Possession of Controlled Substance, Christian County, Missouri, Case Number 380298000152F, Date of Conviction, 4-6-99, sentence 3 years;
>
> 3. Felony Possession of Controlled Substance, Stone County, Missouri, Case Number CR6971202FX, Date of Conviction 5-6-99, sentence 4 years;
>
> 4. Felony Possession of Controlled Substance, Greene County, Missouri, Case Number 31398CF0951, Date of Conviction, 3-21-02, sentence 2 years; and
>
> 5. Distribution, Delivery, Manufacture of a Controlled Substance, Greene County, Missouri, Case Number 31301CF4714, Date of Conviction, 3-21-02, sentence 20 years.

The defendant's criminal history clearly shows that he cannot abide by any set of conditions which may be imposed by this court, and presents not only a risk to flee, but also a present danger to the community.

Based upon the type of crime that the defendant is alleged to have committed, coupled with the strong evidence against the defendant, the government believes that the defendant will continue to be a present threat to the safety and wellbeing of the community if released, and therefore should be detained.

4

Case 6:14-cr-03106-MDH   Document 299   Filed 07/30/15   Page 4 of 5

## CONCLUSION

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail because of the presumption under the law that the defendant will not appear as ordered by the Court to future court proceedings as well as future dangerousness to the community.

          Respectfully submitted,

          TAMMY DICKINSON
          United States Attorney

By    /s/ *Randall D. Eggert*
       Randall D. Eggert Mo. Bar #39404
       Assistant United States Attorney
       901 St. Louis Street, Suite 500
       Springfield, Missouri 65806-2511

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case, and I hereby certify that I have mailed by United States Postal Service the foregoing documents to all non-CM/ECF participants in this case.

          */s/ Randall D. Eggert*
          Randall D. Eggert
          Assistant United States Attorney